**No. 24-11081**

_____

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**UNITED STATES OF AMERICA,
Plaintiff-Appellee,**

**v.**

**EUGENE J. LOCKHART, JR.,
Defendant-Appellant.**

_____

**Appeal from the United States District Court
for the Northern District of Texas**

_____

**BRIEF OF DEFENDANT-APPELLANT**

_____

**Larry Edward Jarrett
P.O. Box 450487
Garland, TX 75044
(972) 896-4462
(972) 496-6394 (facsimile)
larry.jarrett@yahoo.com**

**Attorney for Defendant-Appellant
Eugene J. Lockhart, Jr.**

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

The undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualifications or recusal.

| | |
|---|---|
| **Trial Judge:** | David C. Godbey |
| **Counsel Below for Government:** | Katie Jacobs |
| **Appellate Counsel for Government:** | Stephen S. Gilstrap |
| **Defendant:** | Eugene J. Lockhart, Jr. |
| **Counsel Below for Defendant:** | Larry Edward Jarrett |
| **Appellate Counsel for Defendant:** | Larry Edward Jarrett |

<u>/s/ Larry Edward Jarrett</u>
Larry Edward Jarrett

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is requested.

**TABLE OF CONTENTS**

**Page No.**

CERTIFICATE OF INTERESTED PERSONS..............................................................2

STATEMENT REGARDING ORAL ARGUMENT.......................................................3

TABLE OF CONTENTS...............................................................................................4

TABLE OF AUTHORITIES.........................................................................................5

STATEMENT OF JURISDICTION...............................................................................7

STATEMENT OF THE ISSUE......................................................................................8

STATEMENT OF THE CASE........................................................................................9

SUMMARY OF THE ARGUMENT............................................................................12

ARGUMENT...............................................................................................................13

    THE DISTRICT COURT HAD JURISDICTION TO CONSIDER MR. LOCKHART'S PETITION FOR WRIT OF *CORAM NOBIS*...............................13

        A. In Appropriate Circumstances a District Court Has Jurisdiction to Consider an Ineffective Assistance of Counsel Claim Brought in a Petition for Writ of *Coram Nobis*.......................................................................................................13

        B. The District Court Has Jurisdiction to Address a Restitution Issue in Connection with a Petition for Writ of *Coram Nobis* When It Is Not a Stand-Alone Issue...................................................................................................15

        C. Conclusion........................................................................................................16

CONCLUSION.............................................................................................................17

CERTIFICATE OF SERVICE......................................................................................18

CERTIFICATE OF COMPLIANCE.............................................................................19

# **TABLE OF AUTHORITIES**

**Page No.**

**Cases**

*Barnickel v. United States*, 113 F.3d 704 (7th Cir. 1997)..............................................15

*Campbell v. United States*, 330 Fed. Appx. 482 (5th Cir. 1999)...........................15, 16

*Carnesi v. United States*, 933 F.Supp. 2d 388 (E.D.N.Y. 2013)...................................13

*Ewan v. United States*, 2012 WL 3646741 (E.D.N.Y. Aug. 23, 2012).........................17

*Hager v. Nations Bank N.A.*, 167 F.3d 245 (5th Cir. 1999)..........................................13

*Santos-Sanchez v. United States*, 548 F.3d 327 (5th Cir. 2008), *vacated on other grounds*, 559 U.S. 1046 (2010)...................................................................................13

*Strickland v. Washington*, 466 U.S. 668 (1984).................................................14, 16

*United States v. Beacham*, 774 F.3d 267 (5th Cir. 2014)............................................10

*United States v. Castro*, 26 F.3d 557 (5th Cir. 1994).................................................14

*United States v. Esogbue*, 357 F.3d 532 (5th Cir. 2004).......................................14, 16

*United States v. Hatten*, 167 F.3d 884 (5th Cir. 1999)...............................................16

*United States v. Maasen*, 2020 WL 3064495 (D. Ariz. June 9, 2020).........................16

*United States v. Mischler*, 787 F.2d 240 (7th Cir. 1986)............................................15

*United States v. Parker*, 927 F.3d 374 (5th Cir. 2019)................................................16

*United States v. Quintana*, 914 F.2d 1409 (10th Cir. 1990).........................................14

*United States v. Shaibu*, 955 F.2d 48 (9th Cir. 1992)................................................14

*United States v. Stavroulakis*, 952 F.2d 686 (2d Cir.), *cert. denied*, 504 U.S. 926 (1992)..................................................................................................14

## **Other Authorities**

18 U.S.C. § 1349..............................................................................................9

28 U.S.C. § 1291..............................................................................................7

28 U.S.C. § 2255....................................................................................9, 15, 16

28 U.S.C. § 2255(a)........................................................................................15

## <u>STATEMENT OF JURISDICTION</u>

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1291 as an appeal from a final decision entered by the United States District Court for the Northern District of Texas.

## STATEMENT OF THE ISSUE

Whether a district court has jurisdiction to consider a defendant's claim that his attorney was ineffective for not challenging an erroneous restitution order at sentencing in a Petition for Writ of *Coram Nobis*.

**STATEMENT OF THE CASE**

**I.  Proceedings Below**

Eugene J. Lockhart, Jr. pleaded guilty to conspiracy to commit wire and bank fraud, in violation of 18 U.S.C. § 1349.  *See* (ROA 17)  On December 14, 2022, the District Court entered a judgment sentencing Mr. Lockhart to fifty-four months imprisonment, two years supervised release, a $100 special assessment, and $2,436,079.00 in restitution to be paid joint and severally with his co-defendants.  *See* Excerpts at 5.

Mr. Lockhart later filed a direct appeal that was dismissed for want of prosecution.  (ROA 748)  On August 10, 2015, while he was on supervised release, Mr. Lockhart filed a Petition for Writ of *Coram Nobis* challenging the District Court's restitution order at sentencing.  (ROA 953-59)  The District Court dismissed that Petition because it determined that Mr. Lockhart was still "in custody" while on supervised release and because it found that the claims relating to restitution could have been raised on direct appeal.  (ROA 960-62)  Mr. Lockhart filed a motion for reconsideration which the District Court then construed as a motion under 28 U.S.C. § 2255 and which the Court denied as having been filed outside the statute of limitations.  (ROA 963-64; 965-68)

On September 24, 2023, Mr. Lockhart filed the instant Petition for Writ of

*Coram Nobis* alleging his trial attorney was ineffective for failing to challenge the restitution order at his sentencing hearing. (ROA 1082-94)[1] On December 10, 2024, the District Court held that it lacked jurisdiction to consider the Petition because the restitution issue had to be raised on direct appeal and because, in any event, it had no jurisdiction to modify a restitution order in response to a Petition for Writ of *Coram Nobis*. (ROA 1129-33)[2]

On December 17, 2024, Mr. Lockhart filed a timely Notice of Appeal. *See* Excerpts at 2.[3]

## II. Statement of the Facts

As noted immediately above, several of Mr. Lockhart's co-defendants challenged the District Court's restitution order at their sentencing hearings to preserve their challenges for direct appeal and ultimately had those restitution orders reversed on direct appeal.[4] Although Mr. Lockhart could have made similar

---

[1]Several of Mr. Lockhart's co-defendants *did* challenge the District Court's restitution order at their sentencing hearings and ultimately had those restitution orders reversed on direct appeal. *United States v. Beacham*, 774 F.3d 267 (5th Cir. 2014).

[2]The District Court's order denying the Petition for Writ of *Coram Nobis* is included in the Record Excerpts at Tab 5.

[3]In an abundance of caution, Mr. Lockhart also filed a Notice of Appeal from the statistical case that was opened after he filed the first notice of appeal. (RR 1135)

[4]*See Beacham*, 774 F.3d at 272 ("The district court also ordered Tisdale, Jones, and Beacham to each pay restitution to the victims of the fraud. To calculate the amount of restitution, the district court reduced the original loan amount by any proceeds obtained through foreclosure. However, Tisdale, Jones, and Beacham objected to the use of the original loan amount for victims that

challenges to the District Court's joint and several restitution order at his sentencing hearing (which significantly was held *after* the sentencing hearings of his co-defendants), his sentencing attorney failed to do so in order to preserve the issue for direct appeal.  (ROA 1197-1286 (Sentencing Transcript)).

---

purchased the loans on the secondary market.")

## SUMMARY OF THE ARGUMENT

The District Court's analysis in this case treated Mr. Lockhart's claim as if he was simply raising a stand-alone challenge to his restitution order. In fact, his complaint about the restitution order was plainly *not* raised as a stand-alone challenge. He alleged that his trial counsel was constitutionally ineffective for failing to object to the erroneous restitution order and, as a result, it was not preserved for appeal.

This Court's established case law makes clear that a district court *has* jurisdiction to consider an ineffective assistance of counsel claim brought in a Petition for Writ of *Coram Nobis*. Moreover, while this Court has held that a stand-alone restitution issue cannot be considered in a Petition for Writ of *Coram Nobis* given that it is a "nonconstitutional issue," this Court has never held that a district court lacks jurisdiction to consider a claim that an erroneous restitution order was entered as a result of constitutionally ineffective assistance of counsel.

## ARGUMENT

## THE DISTRICT COURT HAD JURISDICTION TO CONSIDER MR. LOCKHART'S PETITION FOR WRIT OF *CORAM NOBIS*

This Court will review a district court's dismissal for lack of jurisdiction *de novo*. *See Hager v. Nations Bank N.A.*, 167 F.3d 245, 247 (5th Cir. 1999). Also, for Petitions for a Writ of *Coram Nobis*, this Court will review a district court's "factual findings for clear error, questions of law *de novo*, and the district court's ultimate decision to deny the writ for abuse of discretion." *Santos-Sanchez v. United States*, 548 F.3d 327, 330 (5th Cir. 2008), *vacated on other grounds*, 559 U.S. 1046 (2010).

### A. In Appropriate Circumstances a District Court Has Jurisdiction to Consider an Ineffective Assistance of Counsel Claim Brought in a Petition for Writ of *Coram Nobis*

While the District Court was, of course, correct that a *stand-alone* challenge to the District Court's restitution order would ordinarily have to be brought on direct appeal, Mr. Lockhart's Petition for Writ of *Coram Nobis* alleged that his sentencing counsel was ineffective for failing to challenge the restitution order in the first instance so that is was preserved for direct appeal.[5] Contrary to the District Court's conclusion, Mr. Lockhart *can* challenge a District Court's order that otherwise should

---

[5]In his Petition, Mr. Lockhart also noted that his trial counsel, who entered an appearance as to "all matters related to the case," (ROA 91) failed to file a Notice of Appeal and simply told Mr. Lockhart he "did not do appeals." (ROA 1094) *See, e.g., Carnesi v. United States*, 933 F.Supp. 2d 388, 396 (E.D.N.Y. 2013) (Awarding *coram nobis* relief where defendant's attorney was ineffective for both failing to raise objections to the restitution order at the sentencing hearing and in failing to file a notice of appeal.).

have been challenged on direct appeal but was not preserved and/or pursued due to the ineffective assistance of his counsel.

Indeed, *United States v. Castro*, 26 F.3d 557 (5th Cir. 1994) is on point. There, Castro filed a Petition for Writ of *Coram Nobis* alleging his sentencing attorney was ineffective for failing to request a Judicial Recommendation Against Deportation ("JRAD") at his sentencing. *Id.* at 558-59. Of course, ordinarily, the failure of the district court to issue a JRAD would also be raised on direct appeal.[6] Nevertheless, this Court reversed the District Court's denial of a Writ of *Coram Nobis* and noted, "if Castro succeeds on his claim for ineffective assistance of counsel, then under the law of this circuit, he is entitled to coram nobis relief." *Id.* at 559. *See also*, *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) ("[I]neffective assistance of counsel, if proven, can be grounds for coram nobis relief.").

Here, the District Court did not reach the *Strickland v. Washington*, 466 U.S. 668, 687 (1984) test for analyzing Mr. Lockhart's ineffective assistance of counsel claim. As noted above, the cases of Mr. Lockhart's co-defendants establish that he can easily meet this test. Nevertheless, it may be that this Court elects to remand the case to the District Court to apply the test in the first instance. *See, e.g., Castro*, 26

---

[6]*See, e.g., United States v. Stavroulakis*, 952 F.2d 686, 697 (2d Cir.), *cert. denied*, 504 U.S. 926 (1992); *United States v. Shaibu*, 955 F.2d 48, *1 (9th Cir. 1992); *United States v. Quintana*, 914 F.2d 1409 (10th Cir. 1990).

F.3d at 563.[7]

## B.  The District Court Has Jurisdiction to Address a Restitution Issue in Connection with a Petition for Writ of *Coram Nobis* When It Is Not a Stand-Alone Issue

The District Court relied upon *Campbell v. United States*, 330 Fed. Appx. 482, 483 (5th Cir. 1999) to conclude that, in any event, it did not have jurisdiction to consider a restitution order in connection with a Petition for Application for Writ of *Coram Nobis*. (ROA 1133)  Nevertheless, the District Court again failed to note that the restitution challenge was not a stand-alone issue.  Instead, the claim was the Mr. Lockhart was denied effective assistance of counsel when counsel failed to challenge the restitution order.

This Court in *Campbell* essentially makes this distinction.  In denying Campbell's Petition for Application for Writ of *Coram Nobis*, it wrote that the issue of restitution could not be raised in a post-conviction proceeding, including a Petition for Application for Writ of *Coram Nobis*, because "the restitution or fine portion of a sentence is a *nonconstitutional* issue...."  *Id.* at 482 (emphasis added).[8]  Here, of

---

[7]It bears noting that Mr. Lockhart could not raise the issue of his sentencing counsel's ineffectiveness in connection with a motion under 28 U.S.C. § 2255 because of the "in custody" requirement.  *See* 28 U.S.C. § 2255(a).

[8]At least one circuit allows petitioners to raise restitution issues in a Petition for Writ of *Coram Nobis* regardless of an underlying constitutional violation.  *See, e.g., Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997) ("We note that the unavailability of relief under § 2255 does not leave a deserving petitioner entirely without recourse.  In *United States v. Mischler*, 787 F.2d 240 (7th Cir. 1986), this court approved the use of a writ of error coram nobis to challenge a

course, Mr. Lockhart is raising a *constitutional* issue under *Strickland*, to wit: that his sentencing counsel failed to raise and properly preserve a challenge to the District Court's restitution order.[9]

### C. Conclusion

Again, Mr. Lockhart understands that, once this Court finds that the District Court did have jurisdiction to consider his Petition, it will likely remand the case for the District Court to do just that. *Esogbue*, 357 F.3d at 535. At the same time, he understands that a Writ of *Coram Nobis* is an "extraordinary remedy" reserved to correct errors "of the most fundamental character" where no other remedy is available. *Id.* (citations omitted).

Here, as noted above, the restitution issue was not preserved for appeal by Mr. Lockhart's trial counsel and such failure could not be raised in a § 2255 motion. Moreover, it is certainly "fundamentally unfair" that Mr. Lockhart has a joint and several restitution obligation of $2,436,079.00 with co-defendants whereas those co-defendants, with the benefit of constitutionally effective counsel, have joint and several restitution obligations that were reduced. *See, e.g., United States v. Maasen*,

---

restitution order that was based on inaccurate information.").

[9]The District Court in this case also cited *United States v. Hatten*, 167 F.3d 884, 886-87 (5th Cir. 1999) and *United States v. Parker*, 927 F.3d 374, 381 n.9 (5th Cir. 2019) for the same proposition as *Campbell*. (ROA 1133) Like *Campbell*, however, these cases involved stand-alone challenges to restitution without an underlying constitutional violation.

2020 WL 3064495, *3 (D. Ariz. June 9, 2020) ("IAC in connection with imposition of restitution, if established, can constitute error of the most fundamental character for coram nobis relief.").[10]

## CONCLUSION

For the foregoing reasons, this Court should reverse the District Court's Order denying a Writ of *Coram Nobis* and remand the case for further proceedings.

Respectfully submitted,

/s/ Larry Edward Jarrett
Larry Edward Jarrett
P.O. Box 450487
Garland, TX 75044
(972) 896-4462
(972) 496-6394 (facsimile)
larry.jarrett@yahoo.com

Attorney for Defendant-Appellant
Eugene J. Lockhart

---

[10]In at least one case, the government, to its credit, agreed that defendant's counsel was ineffective for failing to object to a restitution order that was improperly calculated and, as a result, a district court granted *coram nobis* relief as to the order to which trial counsel failed to object. *Ewan v. United States*, 2012 WL 3646741, *3-4 (E.D.N.Y. Aug. 23, 2012).

**CERTIFICATE OF SERVICE**

I, Larry Edward Jarrett, certify that on March 24, 2025, I caused a copy of the foregoing Brief of Defendant-Appellant to be served by the electronic case filing system (ECF) on Stephen S. Gilstrap, Assistant United States Attorney.


/s/ Larry Edward Jarrett
Larry Edward Jarrett

## <u>CERTIFICATE OF COMPLIANCE</u>

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(i) because this brief contains <u>2,021</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).


2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using WordPerfect software in Times New Roman 14-point font in text and Times New Roman 12-point font in footnotes.


<u>/s/ Larry Edward Jarrett</u>
Larry Edward Jarrett
